1

2 UNITED STATES DISTRICT COURT

3 DISTRICT OF NEVADA

4 PEDRO AGUIAR-PEREZ,                            Case No. 3:25-cv-00099-ART-CSD

5                                Plaintiff,       ORDER

6        v.

7 WASHOE COUNTY JAIL,

8                                Defendants.

9        Plaintiff Pedro Aguiar-Perez brings this civil-rights action under 42 U.S.C.

10 § 1983 to redress constitutional violations that he claims he suffered while

11 incarcerated at Washoe County Detention Center. (ECF No. 4.) On April 2, 2025,

12 this Court ordered Aguiar-Perez to file an amended complaint, within 90 days.

13 (ECF No. 3.) The Court warned Aguiar-Perez that the action could be dismissed

14 if he failed to file an amended complaint by that deadline. (*Id.* at 8.) That

15 deadline expired, and Aguiar-Perez did not file an amended complaint, move for

16 an extension, or otherwise respond.

17 **I.    DISCUSSION**

18        District courts have the inherent power to control their dockets and "[i]n

19 the exercise of that power, they may impose sanctions including, where

20 appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los

21 Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based

22 on a party's failure to obey a court order or comply with local rules. *See Carey v.

23 King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to

24 comply with local rule requiring *pro se* plaintiffs to keep court apprised of

25 address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)

26 (dismissal for failure to comply with court order). In determining whether to

27 dismiss an action on one of these grounds, the Court must consider: (1) the

28 public's interest in expeditious resolution of litigation; (2) the Court's need to

manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Aguiar-Perez's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless Aguiar-Perez files an amended complaint, the only alternative is to enter a second order setting

another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception:  there is no hint that Aguiar-Perez needs additional time or evidence that he did not receive the Court's screening order.  Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

## II.    CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Aguiar-Perez's failure to file an amended complaint in compliance with this Court's April 2, 2025, order. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Aguiar-Perez wishes to pursue his claims, he must file a complaint in a new case.

It is further ordered that Aguiar-Perez's application to proceed *in forma pauperis* (ECF No. 1) is denied as moot.


DATED: July 23, 2025.


_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE